

RECEIVED
HARRISBURG, PA
APR 13 2001
MARY E. D'ANDREA, CLERK
Per ___

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254
(eff. 10/18/96)

Michael Dean   AS-1919
_____  PETITIONER
(Full name) (Include name under which you were convicted)

vs.                              CASE NO. 1: cv-01-0689
BEN VARNER, WARDEN AT SCI-DALLAS    (supplied by the Court)
_____  RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)
and
THE DISTRICT ATTORNEY OF THE COUNTY OF ___Lehigh___
and

THE ATTORNEY GENERAL OF THE STATE OF ___PENNSYLVANIA___
ADDITIONAL RESPONDENT

FILED
SCRANTON
APR 19 2001
_____ PER _____
DEPUTY CLERK

Michael Dean                     AS1919
_____            _____
Name                             Prison Number

STATE CORRECTIONAL INSTITUTION AT DALLAS
_____
Place of Confinement

        (If petitioner is attacking a judgment which imposed a
sentence to be served in the future, petitioner must fill in the
name of the state where the judgment was entered. If petitioner
has a sentence to be served in the future under a federal
judgment which he wishes to attack, he should file a motion under
28 U.S.C.§2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

           INSTRUCTIONS - READ CAREFULLY

1. This petition must be legibly handwritten or typewritten and
signed by the petitioner. Any false statement of a material fact
in this petition or in a motion for leave to proceed in forma
pauperis may serve as the basis for prosecution and conviction
for perjury. All questions must be answered concisely in the
proper space on the form. Where more room is needed to answer any
question use reverse side of sheet.

2. Additional pages are not permitted. No citation of
authorities need be furnished. If briefs or arguments are
submitted, they should be submitted in the form of a separate
memorandum.

3. Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

4. If you do not have the entire necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the form on the pages eleven and twelve, setting forth information establishing your inability to prepay the full fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must submit an affidavit stating all your assets, and the certification on page thirteen, signed by an authorized prison official. Discharge of debt in a bankruptcy proceeding shall not include a filing fee (or associated costs and expenses), regardless of an assertion of poverty by the debtor or the debtor's status as a prisoner.

5. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7. All state remedies must be exhausted before filing a claim under 28 U.S.C. 2254, however, if a prisoner files such a claim before exhausting all state remedies, the federal court has authority to deny it on its merits. A federal court, when considering a state prisoner's habeas corpus petition, must deem as correct a determination of a factual issue made by a state court, unless the prisoner rebuts the presumption by clear and convincing evidence. If a petitioner has failed to develop the factual basis of the claim in state court proceedings, a federal court shall not hold an evidentiary hearing on a habeas corpus claim unless the prisoner shows that:
    (1) the claim relies on either a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or a factual predicate that could not have previously been discovered through the exercise of due diligence; and
    (2) the facts underlying the claim be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the prisoner guilty.

8. There is a one-year statute of limitations for filing petitions pursuant to 28 U.S.C. 2254.

9. Federal courts must dismiss claims in a second or successive petition that were presented in a prior petition.

10. Federal courts must dismiss claims in a second or successive petition that were not presented in a prior petition unless:

    (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (1) or (2) above.

11. Ineffectiveness of counsel during post-trial proceedings in state court shall not be grounds for relief under 28 U.S.C. 2254.

12. When the petition is fully completed, the original and four copies must be mailed to the Clerk of the United States District Court.

13. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

            Office of the Clerk
            United States District Court
            Middle District of Pennsylvania
            U. S. Courthouse
            228 Walnut St.
            P.O. Box 983
            Harrisburg, Pa.        17108

PETITION

1. (a) Name and location of court which entered the judgment of conviction under attack: Court Of Common Pleas, Lehigh County

    (b) Name of Prosecutor: James B. Martin
    (c) Prosecution conducted by District Attorney's Office of Lehigh County

2. (a) Date of Judgment of conviction: ~~June 1983~~

    (b) Indictment number or numbers: #258 of 1982

    Term: Life     Criminal Case Number: #258 of 1982

3. Length of sentence: Life     Sentencing Judge: ~~Mellinburg~~

4. Nature of offense or offenses for which you were convicted:

    Homicide, 1st degree

5. What was your plea? (check one)
    (a) Not Guilty (X)    (b) Guilty ( )    (c) Nolo contendere ( )
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (check one)
    (a) Jury (X)    (b) Judge only ( )

7. Did you testify at the trial?   Yes (X)   No ( )

8. Did you appeal from the judgment of conviction?
       Yes (X) No ( )

9. If you did appeal, answer the following:

    (a) Name of court: Not Applicable

    (b) Result: _____

    (c) Date of Result: _____

4

If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: _____
Not Applicable

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ( )   No ( )

11. If your answer to 10 was "yes", give the following information:

(a) (1) Name of Court: _____Not Applicable_____

(2) Nature of proceeding: _____

(3) Grounds raised: _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )   No ( )

(5) Result: _____Not Applicable_____

(6) Date of result: _____

(b) As to any second petition, application or motion give the same information:

(1) Name of Court: _____Not Applicable_____

(2) Nature of proceeding: _____

(3) Grounds raised: _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ( )   No ( )

    (5) Result: __Not Applicable_____

    (6) Date of result: _____

  (c) As to any third petition, application or motion, give the same information:

    (1) Name of Court: __Not Applicable_____

    (2) Nature of proceeding: _____

    (3) Grounds raised: _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ( ) No ( )

    (5) Result: __Not Applicable_____

    (6) Date of Result: _____

  (d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
    (1) First petition, etc.        Yes ( ) No ( )
    (2) Second petition, etc.      Yes ( ) No ( )
    (3) Third petition, etc.       Yes ( ) No ( )

  (e) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Not Applicable

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all you state court remedies with respect to them. However, you should <u>raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Unconstitutional confinement in allocation of living cell space provided to plaintiff that fails to meet the minimum eighth amendment standards.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): The general population housing provides only 57.5 square feet of cell space to prisoners (plaintiff)

7

The (ACA)[1] Standards for Adult Correctional Institutions, vii (2d ed. 1981) mandatory requires (60) square feet of cell space for prisoners confinement that exceeds (10) hours per day. Id., at Standard 2-4129 (Supp. 1988). The (APHA)[2] of 1976 requires a minimum of (60) square feet per person in single cells in Correctional Institutions.

**B. Ground two:** Unconstitutional length of confinement as to time spent in cell that falls below the minimum constitutional threshold standard of the Eighth Amendment

**Supporting FACTS (tell your story briefly without citing cases or law:** Plaintiff spends approximately (17) to (18) hours per day in his cell. The standards of the (ACA) require that in general population housing, (60) square feet of cell space be provided prisoners (plaintiff) that spends more than (10) hours per day in his cell.

**C. Ground three:** Unconstitutional confinement in unsafe and unhealthy conditions that amount to unnecessary and wanton infliction of pain.

**Supporting FACTS (tell your story briefly without citing cases or law:** (1) Planitiff has to share a living space which consist of a sink and toilet that is filthy and dirty because plaintiff is not provided any cleansing powder. (2) Feces and other waste are stranded in plaintiff's toilet which flows from the next cell when the toilet is flushed because of inadequate plumbing. (3) Plaintiff eats in the main dining room where trays are dumped in garbage cans approximately (2) two feet from the dining tables. (4) The commodes are cracked and uncleanable and reeks with urine smell because of white-scale urine buildup.

**Supporting FACTS (tell your story briefly without citing cases or law:**

---

[1] American Correctional Association
[2] American Public Health Association

8

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state **briefly** what grounds were not so presented, and give your reasons for not presenting them:

Not Applicable

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ( )  No ( )
Not Applicable

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: Not Applicable

   (b) At arraignment and plea: b,c,d,e,f Not Applicable

   (c) At trial:

   (d) At sentencing:

   (e) On appeal:

   (f) In any post-conviction proceeding:

   (g) On appeal from any adverse ruling in a post-conviction proceeding:
Not Applicable

9

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ( )   No ( )   Not Applicable

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( )   No ( )   Not Applicable

    (a) If so, give name and location of court which imposed sentence to be served in the future:
    Not Applicable

    (b) And give date and length of sentence to be served in future:
    Not Applicable

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ( )   No ( )
    Not Applicable

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March 30, 2001_   _Michael Doan_
                                Signature of Petitioner


_____
Signature of Attorney (if any)