/s/ ak

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DEAN                           :
                                       :
         Petitioner                    :    CIVIL NO. 1:CV-01-0689
                                       :
    v.                                 :    (Judge Kane)
                                       :
BEN VARNER, ET AL.,                    :
                                       :
         Respondents                   :

FILED
HARRISBURG, PA

MAY 1 4 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

**MEMORANDUM**

This habeas corpus petition pursuant to 28 U.S.C. § 2254 was initiated by Michael Dean, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas). Along with his petition, Dean has submitted an application requesting leave to proceed in forma pauperis. Named as Respondents are SCI-Dallas Warden Ben Varner, the District Attorney of Lehigh County, Pennsylvania, and the Attorney General of the Commonwealth of Pennsylvania. For the reasons outlined below, Dean will be granted temporary in forma pauperis status for the purpose of filing this action, however, his petition will be denied without prejudice.[1]

**Background**

---

[1] Petitioner, if he so chooses, may reassert his present claims in a properly filed civil rights complaint.

Dean is presently serving a term of life imprisonment following his conviction for First Degree Homicide in the Lehigh County Court of Common Pleas. His instant petition maintains that he is entitled to an award of federal habeas relief because his ongoing incarceration violates his rights under the Eighth Amendment. Specifically, he contends that he is confined for seventeen (17) to eighteen (18) hours per day in a SCI-Dallas general population cell.

His cell is described as having only fifty-seven and one-half (57½) square feet of living space, which falls below the "minimum of sixty (60) square feet per person in single cells" recommended by the American Correctional Association's "Standards for Adult Correctional Institutions, vii (2ed 1981)." (Doc. 1, ¶ 12(a).) Dean also alleges that he has been subjected to cruel and unusual conditions of confinement in violation of the Eighth Amendment because the sink and toilet in his cell are "filthy and dirty." Id. at (c). The toilet also does not operate properly and is, "cracked and uncleanable and reeks with urine smell." Id. Petitioner further contends that he is required to eat in a dining room where meal trays are dumped in garbage cans which are approximately two (2) feet from the dining tables.

2

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (4th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973). In the present action, Dean is clearly not

3

seeking speedier or immediate release from custody nor is he challenging the legality of his ongoing confinement. Rather, Petitioner is alleging that the conditions of confinement violate his rights under the Eighth Amendment. Based on his allegations, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the court will dismiss the petition without prejudice to any right Dean may have to reassert his present claims in a properly filed civil rights complaint.[2] See Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."); Hahn v. Larkins, Civ. A. No. 1:CV-97-0882,

---

[2] The court expresses no opinion as to the merits of the civil rights claims asserted herein.

4

slip op. at 2-3 (June 30, 1997 M.D. Pa.) (Rambo, C.J.).[3]  An appropriate order is attached.

*[signature: Yvette Kane]*
YVETTE KANE
United States District Judge

Dated: ~~April~~ 10 May, 2001

---

[3] Attached to this order are two (2) copies of this court's form civil rights complaint, which Petitioner should use if he chooses to file a civil rights complaint.  Also attached for Dean's use is this court's form application to proceed in forma pauperis and authorization form.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DEAN                    :
                                :
        Petitioner               :   CIVIL NO. 1:CV-01-0689
                                :
    v.                          :   (Judge Kane)
                                :
BEN VARNER, ET AL.,             :
                                :
        Respondents              :

FILED
HARRISBURG, PA

MAY 1 4 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

O R D E R

NOW, THIS 10th DAY OF May, 2001, upon consideration of the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Petitioner is granted temporary leave to proceed <u>in forma pauperis</u> for the sole purpose of filing this action.

2. The petition for writ of habeas corpus is DENIED without prejudice to any right petitioner may have to reassert his claims in a properly filed civil rights action.

3. The Clerk of Court is directed to close this case.

4. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

5. The Clerk of Court is directed to send to Petitioner, along with this order, two (2) 28 U.S.C. § 1983 form complaints,

6

as well as this Court's form application to proceed <u>in forma pauperis</u> and authorization form.

                                                  /s/ Yvette Kane  
                                        YVETTE KANE  
                                        United States District Judge

YK:jvw

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

May 14, 2001

Re:  1:01-cv-00689   Dean v. Varner

True and correct copies of the attached were mailed by the clerk to the following:

Michael Dean
SCI-D
SCI at Dallas
AS-1919
Drawer K - Follies Rd.
Dallas, PA  18612-0286

*[handwritten: 2 1983 USC Forms + 94 Pprnt to pcif]*

```
cc:
Judge                       (✓)           (✓) Pro Se Law Clerk
Magistrate Judge            ( )           ( ) INS
U.S. Marshal                ( )           ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               (✓)
Federal Public Defender     ( )
Summons Issued              ( ) with N/C attached to complt. and served by:
                                U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5         ( )
Order to Show Cause         ( ) with Petition attached & mailed certified mail
                                to:  US Atty Gen   ( )     PA Atty Gen ( )
                                     DA of County  ( )     Respondents ( )
Bankruptcy Court            ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: _____5-14-01_____                BY: _____[signature]_____
                                           Deputy Clerk